UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

------------------------------------------------------------------------x

Tia Brown
4049 Long Point Blvd
Portsmouth, VA 23703                                    **Civil Action No:**

                                    Plaintiff,



            -v.-

R&B Corporation of Virginia d/b/a
Credit Control Corporation
11821 Rocklanding Drive
Newport News, VA 23606

                              Defendant.
------------------------------------------------------------------------x

### COMPLAINT


Plaintiff Tia Brown ("Plaintiff" or "Brown") by and through her attorneys, Meridian Law, LLC as and for its Complaint against R&B Corporation of Virginia d/b/a Credit Control Corporation ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages arising from the Defendant's violation(s) of 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

4.  Plaintiff is a resident of the State of Virginia, County of Portsmouth City, residing at 4049 Long Point Blvd., Portsmouth, VA 23703.

5.  Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with a principal address at 11821 Rocklanding Drive, Newport News VA 23606.

## FACTUAL ALLEGATIONS

6.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7.  On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8.  The Alleged Debts were incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).   The two alleged debts have an original creditor of Cox Communications Hampton Rds and are consumer debts.

9.  The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA.

10. Defendant reported the Alleged Debt on the Plaintiff's credit report.

11. Plaintiff disputed the Alleged Debt directly with the Defendant with a dispute letter on November 3, 2016.

12. Plaintiff examined her credit report again on January 22, 2017, and found that Defendant had re-reported the Alleged Debt on Plaintiff's credit report in January of 2017.  When Defendant

re-reported the Alleged Debt after it had notice of Plaintiff's dispute, it did not list the account as "disputed by consumer" despite being required to do so by the FDCPA.

13. As a result of Defendant's improper debt collection practices described above, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

15. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), 1692e(10), and 1692f.

16. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

a)    For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b)    For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)    For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)    A declaration that the Defendant's practice violated the FDCPA; and

e)    For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DATED, this 20th day of February, 2017

<div style="margin-left: 50%;">

_/s/Aryeh E. Stein_

Aryeh E. Stein, VA Bar No. 45895

**Meridian Law, LLC**

600 Reisterstown Road, Suite 700

Baltimore, MD 21208

Phone:  443-326-6011

Fax 410-653-9061

astein@meridianlawfirm.com

</div>